IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY LEE MEANS,

    Petitioner,

v.                                                        CASE NO. 1:14-cv-230-WTH-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated December 26, 2017. (ECF. No. 25). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at ECF No. 27. This Court has made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objection, this Court has determined that the Report and Recommendation should be adopted. Petitioner asserted three grounds for habeas corpus relief: (1) the circumstantial evidence was insufficient to find him guilty and therefore the trial court erred in denying his motion for judgment of acquittal; (2) the trial court erred by giving a jury instruction on "principals;" and (3) trial counsel was ineffective for failing to inform the court of his mental health issues.

This Court agrees with the Magistrate Judge that Grounds One and Two can be analyzed together, as Ground One explicitly concerns the sufficiency of the evidence, and Ground Two – as the Magistrate Judge found – restates petitioner's sufficiency-of-the-evidence argument. In

short, with both Grounds One and Two, petitioner failed to exhaust all state court remedies that are available for challenging his conviction.

This Court also agrees that Grounds One and Two are both procedurally defaulted for federal habeas corpus review because they were not exhausted. Exhaustion requires that prisoners give the State a "full and fair opportunity" to resolve a federal constitutional claim by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

This Court finds that petitioner never provided the state with a "full and fair opportunity" to consider Grounds One and Two as federal constitutional claims. In petitioner's motions for post-conviction relief, with respect to Grounds One and Two, petitioner never cites to any federal cases, or Constitutional Amendments, and only mentions "Due Process" and "fair trial" in passing. ECF 17-3 at 224-28; 265-267. Additionally, in petitioner's amended motion for post-conviction relief, he once again only mentions "Due Process," and "fair trial" in passing, and only in reference to his state law claims. *Id*. at 341-43. The mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim. *Adelson v. Dipaola*, 131 F.3d 259, 263 (1st Cir. 1997). In *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015), the Eleventh Circuit reviewed a habeas petition wherein the petitioner asserted that he fairly presented a federal claim in state court by referencing the Constitution, and using terms such as "sufficiency of the evidence," and "Due Process," in his briefs and motions. The *Preston* court opined that referencing a federal claim does not require the use of "magic words or talismanic

phrases;" however, "simply referring" to sufficiency of the evidence, and Due process "is not a sufficient reference to a federal claim" *Id*. at 459. Additionally, in *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352 (11th Cir. 2012) the Eleventh Circuit stated that "referring to a 'constitutional right of confrontation of witnesses' is not a sufficient reference to a federal claim." Further, the Supreme Court found in *Baldwin*, that a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim to find material – such as a lower court opinion in the case – that does so. *Baldwin*, at 32-33. Categorically, a petitioner's passing reference to constitutional buzzwords such as "sufficiency of the evidence," "Due Process," and "a constitutional right" is not a sufficient reference to a federal claim that would provide the state with a full and fair opportunity to adjudicate the federal claim. Therefore, petitioner must "do more than scatter some makeshift needles in the haystack of the state court record" to fairly present a federal claim. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005) (quotations and citations omitted). Accordingly, because petitioner failed to fairly present Grounds One and Two as federal questions, these claims are not exhausted and are procedurally barred from habeas corpus review.

Moreover, even if petitioner had exhausted Grounds One and Two, his claims would still fail on the merits. The evidence against the petitioner that could lead a rational trier of fact to find petitioner guilty includes:

1. One of the suspects fleeing the burglary was wearing a black flat-billed baseball cap, while the other had on a yellow jacket or shirt, and a backpack. Officer Sweeting identified petitioner as the man wearing the black flat-billed baseball cap.
2. Officers searched a tan Buick not belonging to any residents. Inside the Buick, officers found a silver cell phone; the "wallpaper" of the cell phone was identified by Officers as the man in the baseball cap (petitioner).

3. The owner of the tan Buick was Tashieka Holmes (petitioner's sister).
4. Tyrese Kirksy was apprehended, and identified as the suspect in the yellow shirt with the backpack.
5. Officers recovered the black baseball cap, the yellow long-sleeved shirt, and the backpack with stolen items.
6. Petitioner was taken into custody and searched. In petitioner's possession was a set of Buick car keys – for the tan Buick.
7. Petitioner admitted to being with Tyrese Kirksy in the complex, and in the Buick.
8. Tyrese Kirksy's fingerprints were discovered on the cell phone's interior screen. Petitioner's fingerprints were discovered: on the cell phone's battery; the exterior driver's door of the Buick; and back left door of the Buick.
9. Petitioner told the detective that he ran from the scene after hearing a door being kicked in.

Petitioner's argument that the evidence was insufficient because it was circumstantial provides him no reprieve. Federal law does not distinguish between direct and circumstantial evidence. In fact, the Supreme Court held that "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence"; at the very least, circumstantial and direct evidence is treated the same. *Desert Palace Inc. v. Costa*, 539 U.S. 90, 100 (2003) (quoting *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 508 n. 17 (1957)). Further, in viewing the evidence in the light most favorable to the prosecution, as this Court on habeas corpus review is required to do, the Court concludes that a rational trier of fact could have found petitioner guilty, beyond a reasonable doubt for (1) burglary of a dwelling, (2) grand theft of a dwelling, and (3) criminal mischief.

Additionally, the trial court instructed the jury that petitioner could be guilty of the offenses as a principal under state law if he "helped another person commit or attempt to commit a crime," with a conscious intent that the criminal act be done, and the defendant did some act or said some word which was intended to and did "incite, cause, encourage, assist, or advise" the other person to commit the crime. ECF No. 17-1 at 88; Fla. Stat. § 777.011 (2011). Thus, under Florida law, to convict under an aiding and abetting theory:

> the State must establish (1) that the defendant helped the person who actually committed the crime by doing or saying something that caused, encouraged, incited, or otherwise assisted that person to commit the crime; and (2) that the defendant intended to participate in the crime.

*Evans v. State*, 643 So. 2d 1204, 1205-06 (Fla. 1st DCA 1994); *E.G. Howard v. State*, 473 So. 2d 841 (Fla. 1st DCA 1985). Petitioner concedes that the "principals" instruction given by the state court was the standard Florida jury instruction. ECF No. 12 at 11-12.

This Court agrees with the Magistrate Judge that sufficient circumstantial evidence was presented for a rational trier of fact to find that (1) petitioner transported Tyrese Kirksy to the scene of the crime; (2) after the burglary, petitioner was seen with Tyrese Kirksy who had "an unzipped backpack with wires sticking out of it"; (3) petitioner fled the scene when officers attempted to communicate with him; and (4) petitioner stated that he heard a door being kicked in. Accordingly, as summarized in the facts above, and in accordance with Florida law, a reasonable trier of fact could have found petitioner guilty of aiding and abetting Tyrese Kirksy in his crimes. As such, the use of the "principals" instruction was appropriate.

Turning to petitioner's third ground – that petitioner's trial counsel was ineffective for failing to inform the court of his mental health issues – this Court further agrees with the Magistrate Judge, and finds that petitioner has failed to show that the state court's rejection of this ineffective assistance claim is contrary to, or an unreasonable application of federal law. Therefore, he is not entitled to habeas corpus review.

First, petitioner's claim – that his counsel did not inform the court of his "mental issues and request a competency hearing prior to proceeding to jury trial" – is factually untrue. ECF. No. 27, at 2. In fact, petitioner's counsel did obtain a competency evaluation prior to trial and the psychologist who evaluated petitioner determined that petitioner was "**Competent to Proceed.**"

ECF No. 17-3 at 305 (emphasis in original) (competency assessment by Clifford A. Levin, Ph.D., addressed to petitioner's trial counsel, Linda Haddad).[1]

Second, the state court rejected petitioner's claim of ineffective assistance of counsel on postconviction review because petitioner's allegations of incompetency were self-conclusory. Even though, in petitioner's Objections, he asserts that he has "mental health issues" at ECF. No. 27, "a petitioner raising a substantive claim of incompetency 'is entitled to no presumption of incompetency and must demonstrate his . . . incompetency by a preponderance of the evidence.'" *Lawrence v. Sec'y Fla. Dep't of Corr.*, 700 F.3d 464, 481 (11th Cir. 2012). A bare assertion of "mental health issues," does not rise to meet the preponderance of the evidence standard, and therefore is insufficient to warrant habeas corpus review, especially since he had been found competent a few months before the trial.

Finally, in his Objections to the Report and Recommendation, petitioner asserts that the proper number of competency evaluations is "no more than 3 no less 2." ECF. No. 27 at 4. This Court was unable to find any authority which presented this standard. To the contrary, in *Faulkner v. Jones*, 2016 U.S. Dist. LEXIS 126676, at *45-6 (N.D. Fla. May 24, 2016), the court determined that even though the petitioner's first evaluation considered "personality and psychiatric disorder," a "life-long history of mental health issues," and petitioner asserted that he "reported that he 'hears voices and wanted to hurt himself'," nothing on the record revealed any basis to find that Faulkner's counsel's decision to not request a second competency evaluation was unreasonable. Therefore, *Faulkner* explicitly found that petitioner was not entitled to federal habeas relief for his trial counsel not seeking a second competency evaluation. Accordingly, this

---

[1] This report is dated April 12, 2011; trial commenced in November 2011.

Court finds that petitioner has failed to show that the state court's rejection of this ineffective assistance claim is contrary to, or an unreasonable application of federal law that would entitle him to federal habeas corpus review.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, ECF No. 25, is adopted and incorporated by reference in this order.

2. The Clerk shall enter the following judgment: "The Petition under 28 U.S.C. § 2254, ECF No. 1, is denied. A certificate of appealability is denied." The Clerk is directed to close the file.

**DONE AND ORDERED** this __20th__ day of February, 2018

_____
UNITED STATES DISTRICT JUDGE